**Motion for Rehearing and En Banc Reconsideration of Denial of Motion to Stay Dismissed as Moot; Appeal Dismissed and Memorandum Opinion filed February 14, 2023**



**In The**

# Fourteenth Court of Appeals

### NO. 14-22-00726-CV

## MONIQUE MANDELL, Appellant

## V.

## FATIMA BRELAND AND AMERICAN NATIONAL BANK & TRUST, Appellees

**On Appeal from Probate Court No. 3
Harris County, Texas
Trial Court Cause No. 504405**

## MEMORANDUM OPINION

This appeal is from an order signed October 10, 2022. No clerk's record has been filed. The clerk responsible for preparing the record in this appeal informed the court appellant did not make arrangements to pay for the record.

On October 25, 2022, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of prosecution unless, within

fifteen days, appellant paid or made arrangements to pay for the record and provided this court with proof of payment. *See* Tex. R. App. P. 37.3(b). No response to the notice was filed. On November 17, 2022, appellant was ordered to provide this court with proof of payment for the record on or before November 28, 2020. *See* Tex. R. App. P. 35.3(c). In the order, the court notified appellant that failure to comply with the court's order would result in dismissal of the appeal. *See* Tex. R. App. P. 37.3(b). A response, but no proof of payment or payment arrangements was filed December 5, 2022.

On December 22, 2022, notification was again transmitted to all parties of the court's intention to dismiss the appeal for want of prosecution unless, within fifteen days, appellant paid or made arrangements to pay for the record and provided this court with proof of payment. *See* Tex. R. App. P. 37.3(b). On January 3 and 17, 2023, the county clerk notified this court, and copied appellant's counsel, of the outstanding balance for the clerk's record. As of this date, appellant has not provided this court with proof of payment for the record. We dismiss the appeal.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer.

2